UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 20-6079 DSF (PVC)                    Date: August 7, 2020
                                                      Page 1 of 4

Title:     Robert J. Kulick v. Leisure Village Association, Inc., et al.

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED BECAUSE HIS CLAIM IS NOT A COGNIZABLE CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983**

PRESENT:

**HONORABLE PEDRO V. CASTILLO, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On July 6, 2020, Robert J. Kulick ("Plaintiff"), a California resident proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). Plaintiff is a resident and owner of a unit at Leisure Village Association ("LVA"), a residential community located in Camarillo, California.  (*Id.* at 10). Plaintiff is the editor and publisher of Leisure Village News, a community newsletter for LVA residents. (*Id.* at 10-11).  The Complaint sues Leisure Village Association, Inc., the general manager of LVA, the directors of the board of directors of LVA, and the law firm and attorneys representing LVA, for selectively imposing a fine on Plaintiff's publication. (*Id.* at 10–12).  Plaintiff claims that the fine stifled "Plaintiff's First Amendment right to free speech and press." (*Id.* at 12).

To state a claim under section 1983, a plaintiff must allege that the deprivation of a right secured by the federal constitution or statutory law was committed by a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     CV 20-6079 DSF (PVC)                                    Date: August 5, 2020
                                                                      Page 2 of 4

Title:       Robert J. Kulick v. Leisure Village Association, Inc., et al.

---

2006). "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

The Ninth Circuit has identified four circumstances under which a private person may be said to be acting under color of state law. Under the "public function" test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Id.* at 1093 (quoting *Lee v. Katz*, 276 F.3d 550, 554–55 (9th Cir. 2002)). Under the joint action test, a court will consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley*, 326 F.3d at 1093 (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995)). Under the "governmental coercion or compulsion" test, the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (quoting *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 836-37 (9th Cir. 1999)). Finally, under the "government nexus" test, the court asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1095 (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001)).

In this action, Plaintiff alleges that LVN and other defendants are a "quasi-government entity" or employees or agents of a "quasi-government entity" acting under color of state law. (Complaint at 2–9). However, Plaintiff does not appear to allege any facts showing that Defendants satisfy any of the tests under which a private citizen may be deemed a state actor, *i.e.*, that they were exercising a traditionally and exclusively governmental function; that the State incurred any benefit from Defendants' actions; that Defendants were not acting independently but under coercion of the State; or that they had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 20-6079 DSF (PVC)                     Date: August 5, 2020
                                                     Page 3 of 4

Title:   Robert J. Kulick v. Leisure Village Association, Inc., et al.

---

any official connection with the State such that Defendants' actions may be fairly attributable to the State.

The Ninth Circuit has held that "[a] private homeowners' association is not the equivalent of a municipality or a purported 'quasi-government' entity." *See Snowdon v. Preferred RV Resort Owners Ass'n*, 379 Fed. App'x 636, 637 (9th Cir. 2010) (Nevada homeowners' association is not a state actor; association did not perform the traditional and exclusive function of municipal governance; rather it provided "an assortment of basic amenities and simple services to its paying members, all within the fenced-in confines of its private property"); *Hupp v. Solera Valley Greens Ass'n*, 2015 WL 13447707, at *3 (C.D. Cal. Oct. 8, 2015) (rejecting contention that homeowners' association was a "quasi-government agency" and hence acted under color of law within the meaning of section 1983); *Wong v. Village Green Owners' Ass'n*, 2014 WL 12587040, at *4 (C.D. Cal. June 26, 2014) (the fact that state law governs the formation and operation of a homeowners' association does not make the association a state actor); *Yan Sui v. 2176 Pacific Homeowners Ass'n*, 2012 WL 6632758, at *11-12 (C.D. Cal. Aug. 30, 2012), adopted, 2012 WL 4900427 (C.D. Cal. Oct. 16, 2012), aff'd in part, remanded in part on other grounds, 582 Fed. App'x 733 (9th Cir.), cert. denied, 135 S. Ct 709 (2014) (homeowners' association is not a state actor; distinguishing state cases referring to an association's functions as "quasi-governmental," none of which concerned issue of whether the association acted under color of law for purposes of section 1983).

Therefore, Plaintiff here does not appear to state a cognizable civil rights claim against any of the named Defendants.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why the complaint should not be dismissed because he has not stated a cognizable civil rights claim. Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, explaining why this action is not barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 20-6079 DSF (PVC)                                    Date: August 5, 2020
                                                                    Page 4 of 4

Title:      Robert J. Kulick v. Leisure Village Association, Inc., et al.

---

**Instead of filing a response to the instant Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, **Plaintiff is advised that any dismissed claims may later be subject to the applicable statute of limitations. Plaintiff is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

IT IS SO ORDERED.